IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MARTIN GARCIA, #Y14404, | ) |
| Plaintiff, | ) |
| vs. | ) Case No. 17−cv−565−NJR |
| JOHN BALDWIN and WARDEN GARRETT, | ) |
| Defendants. | ) |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, District Judge:**

Plaintiff Martin Garcia, an inmate in Dixon Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983 that allegedly occurred at Big Muddy River Correctional Center. In his Complaint, Plaintiff claims the defendants are responsible for the deliberate indifference of Big Muddy personnel to his serious medical needs in violation of the Eighth Amendment. (Doc. 1). The case is now before the Court for a preliminary review of the Complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening** – The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal** – On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
> (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
> (2) seeks monetary relief from a defendant who is immune from such relief.

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact."

*Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Frivolousness is an objective standard that refers to a claim that any reasonable person would find meritless. *Lee v. Clinton,* 209 F.3d 1025, 1026-27 (7th Cir. 2000). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility." *Id*. at 557. At this juncture, the factual allegations of the *pro se* complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

Upon careful review of the Complaint and any supporting exhibits, the Court finds it appropriate to exercise its authority under § 1915A; this action is subject to summary dismissal.

## The Complaint

In his Complaint (Doc. 1), Plaintiff makes the following allegations: from July 11, 2016 through "an approximate period of 2 calendar years,"[1] Plaintiff has been neglected despite his need for examination and diagnosis of severe groin pains and swollen testicles. (Doc. 1, p. 2). Plaintiff has been provided with medical services "by unqualified personnel" under Warden Garrett. *Id.* Plaintiff has not been given access to specialist care. *Id.* Plaintiff submitted a grievance on the issue, but "the issues have remained without any success/results vague." *Id.* Plaintiff also noted that Illinois Department of Corrections ("IDOC") Director Baldwin, along with the Office of the Lieutenant Governor, are liable for money judgments against co-defendants. (Doc. 1, p. 3). Plaintiff seeks monetary relief from the defendants. *Id.*

## Discussion

Based on the allegations of the Complaint, the Court finds it convenient to designate a

---

[1] This Court notes that Plaintiff filed the Complaint on May 30, 2017, less than one calendar year from the alleged start of Plaintiff's medical issue.

single count in this *pro se* action. The parties and the Court will use this designation in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. The designation of this count does not constitute an opinion regarding its merit.

> **Count 1 –** Defendants showed deliberate indifference to Plaintiff's serious medical need involving severe groin pains and swollen testicles in violation of the Eighth Amendment.

As discussed in more detail below, Count 1 will be dismissed for failure to state a claim upon which relief may be granted. Any other intended claim that has not been recognized by the Court is considered dismissed without prejudice as inadequately pleaded under the *Twombly* pleading standard.

## **Count 1**

Plaintiff has failed to implicate either of the defendants in his claim for deliberate indifference to medical needs. Both of the defendants, the Director of the Illinois Department of Corrections John Baldwin and the Warden of Big Muddy River Correctional Center Defendant Garrett, appear to be named as defendants solely due to their supervisory and/or official positions with IDOC. For defendants in supervisory positions, however, the doctrine of *respondeat superior* is not applicable to § 1983 actions. *Sanville v. McCaughtry,* 266 F.3d 724, 740 (7th Cir. 2001) (citations omitted). Plaintiff has not alleged that the defendants are "personally responsible for the deprivation of a constitutional right," and a defendant cannot be liable merely because he supervised a person who caused a constitutional violation. *Id.* The defendants therefore must be dismissed from this action.

Further, in order to state a claim upon which relief may be granted for deliberate indifference to medical needs, Plaintiff must satisfy two requirements. The first requirement compels the prisoner to satisfy an objective standard: "[T]he deprivation alleged must be,

3

objectively, 'sufficiently serious[.]'" *Farmer v. Brennan*, 511 U.S. 825, 834 (1994) (quoting *Wilson v. Seiter*, 501 U.S. 294, 298 (1991)). The second requirement involves a subjective standard: "[A] prison official must have a 'sufficiently culpable state of mind,'" one that amounts to "'deliberate indifference' to inmate health or safety." *Gutierrez v. Peters,* 111 F.3d 1364, 1373 (7th Cir. 1997) (quoting *Wilson*, 501 U.S. at 297). Liability under the deliberate-indifference standard requires more than negligence, gross negligence or even recklessness; rather, it is satisfied only by conduct that approaches intentional wrongdoing, *i.e.*, "something less than acts or omissions for the very purpose of causing harm or with knowledge that harm will result." *Farmer*, 511 U.S. at 835.

Plaintiff has not provided allegations that satisfy either of these standards. His allegations regarding his condition are incredibly vague and, at times, apparently misleading.[2] He also has not pled any facts regarding the state of mind of any of his medical providers, much less the states of mind of the named defendants in this case. He has attached extensive documentation of his medical records, but these records, if anything, appear to evidence that he was treated frequently by the medical staff at Big Muddy during the relevant period, as opposed to being neglected.

Finally, the fact that Plaintiff did not receive specialist care, as he claims, does not necessarily give rise to a viable deliberate indifference claim. Mere disagreement with a physician's chosen course of medical treatment does not amount to deliberate indifference under the Eighth Amendment. *See Ciarpaglini v. Saini*, 352 F.3d 328, 331 (7th Cir. 2003); *Garvin v. Armstrong*, 236 F.3d 896, 898 (7th Cir. 2001) (courts will not takes sides in disagreements about medical personnel's judgments or techniques); *Snipes v. DeTella*, 95 F.3d 586, 591 (7th Cir.

---

[2] He claims he has been neglected for two years, while also claiming his pain began less than one year prior to filing his Complaint.

4

1996). The Eighth Amendment does not give prisoners entitlement to "demand specific care" or "the best care possible," but only requires "reasonable measures to meet a substantial risk of serious harm." *Forbes v. Edgar*, 112 F.3d 262, 267 (7th Cir. 1997). For these reasons, the Complaint will be dismissed without prejudice for failure to state a claim upon which relief may be granted.

## Pending Motions

Plaintiff has filed a Motion to Inform the Court of Correct Name of Defendant (Doc. 4), which is hereby **DENIED as moot**. Plaintiff claims the appropriate name for Defendant "Warden Garrett" is instead "Warden Garnett." Regardless of this defendant's name, Plaintiff has failed to state a claim upon which relief may be granted against him, so he is being dismissed from this case. If Plaintiff chooses to file an amended complaint, and chooses to include this individual as a defendant, he may name the defendant, with the appropriate spelling, at that time.

## Disposition

**IT IS HEREBY ORDERED** that the Complaint is **DISMISSED without prejudice** for failure to state a claim upon which relief may be granted.

**IT IS FURTHER ORDERED** that **BALDWIN** and **GARRETT** are **DISMISSED without prejudice** from this case for failure to state a claim upon which relief may be granted.

**IT IS FURTHER ORDERED** that, should he wish to proceed with this case, Plaintiff shall file a First Amended Complaint, stating any facts which may exist to support an unconstitutional conditions of confinement claim, within 28 days of the entry of this order (on or before **September 1, 2017**). Should Plaintiff fail to file his First Amended Complaint within the allotted time or consistent with the instructions set forth in this Order, the entire case shall be dismissed with prejudice for failure to comply with a court order and/or for failure to prosecute

his claims. FED. R. APP. P. 41(b). *See generally Ladien v. Astrachan*, 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamminga*, 34 F.3d 466 (7th Cir. 1994); 28 U.S.C. § 1915(e)(2). Such dismissal shall count as one of Plaintiff's three allotted "strikes" within the meaning of 28 U.S.C. § 1915(g).

Should Plaintiff decide to file a First Amended Complaint, it is strongly recommended that he use the forms designed for use in this District for such actions. He should label the form, "First Amended Complaint," and he should use the case number for *this* action (*i.e.* 17-cv-565-NJR). The pleading shall present each claim in a separate count, and each count shall specify, *by name*, each defendant alleged to be liable under the count, as well as the actions alleged to have been taken by that defendant. Plaintiff should attempt to include the facts of his case in chronological order, inserting each defendant's name where necessary to identify the actors. Plaintiff should refrain from filing unnecessary exhibits. Plaintiff should *include only related claims* in his new complaint. Claims found to be unrelated to the alleged deliberate indifference to medical needs claim will be severed into new cases, new case numbers will be assigned, and additional filing fees will be assessed.

Plaintiff is warned that the Court takes the issue of perjury seriously, and that any facts found to be untrue in the First Amended Complaint may be grounds for sanctions, including dismissal and possible criminal prosecution for perjury. *Rivera v. Drake*, 767 F.3d 685, 686 (7th Cir. 2014) (dismissing a lawsuit as a sanction where an inmate submitted a false affidavit and subsequently lied on the stand).

An amended complaint supersedes and replaces the original complaint, rendering the original complaint void. *See Flannery v. Recording Indus. Ass'n of Am.,* 354 F.3d 632, 638 n.1 (7th Cir. 2004). The Court will not accept piecemeal amendments to a complaint. Thus, the First

Amended Complaint must stand on its own, without reference to any previous pleading, and Plaintiff must re-file any exhibits he wishes the Court to consider along with the First Amended Complaint. The First Amended Complaint is subject to review pursuant to 28 U.S.C. § 1915A. No service shall be ordered on any defendant until after the Court completes its § 1915A review of the First Amended Complaint.

Plaintiff is further **ADVISED** that his obligation to pay the filing fee for this action was incurred at the time the action was filed, thus the filing fee of $350.00 remains due and payable, regardless of whether Plaintiff elects to file a First Amended Complaint. *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

In order to assist Plaintiff in preparing his amended complaint, the Clerk is **DIRECTED** to mail Plaintiff a blank civil rights complaint form.

    **IT IS SO ORDERED.**

    DATED: August 4, 2017

                                                  **NANCY J. ROSENSTENGEL**
                                                  **United States District Judge**